UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| CFP Liquidating Estate, ) | Case No. 07-10495(PJW) |
| ) | |
| Debtor. ) | |
| _____ ) | |
| ) | |
| CHARLES A. STANZIALE, in his ) | |
| capacity as Liquidating Trustee ) | |
| of CFP Liquidating Estate, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adv. Proc. No. 09-50478 (PJW) |
| ) | |
| TIPPER TIE, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

| | |
|---|---|
| Michael J. Joyce | Katharine L. Mayer |
| Cross & Simon, LLC | Kate Roggio Buck |
| 913 North Market Street | McCarter & English, LLP |
| 11th Floor | Renaissance Centre |
| Wilmington, DE 19801 | 405 N. King Street, 8th Floor |
| | Wilmington, DE 19801 |
| Neil A. Riemann | |
| Penry Riemann PLLC | Donald J. Crecca |
| 510 Glenwood Avenue, Suite 319 | McCarter & English, LLP |
| Raleigh, NC 27603 | Four Gateway Center |
| | 100 Mulberry Street |
| Counsel for Tipper Tie, Inc. | Newark, NJ 07102 |
| | |
| | Counsel for Charles A. |
| | Stanziale, Jr., Liquidating |
| | Trustee |

Dated: November 4, 2010

**WALSH, J.**

This opinion is with respect to Tipper Tie, Inc.'s ("Tipper Tie") motion (Doc. # 17) to reopen the adversary proceeding commenced by Charles A. Stanziale, as the liquidating trustee of Custom Food Products, Inc. ("CFP"), and to set aside the default judgment entered in that proceeding.

### BACKGROUND

CFP was in the business of developing, manufacturing, and marketing pre-cooked meat products to packaged food manufacturers and national fast-food restaurant chains. On April 13, 2007, CFP filed a voluntary bankruptcy petition under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* Pursuant to the court-confirmed Joint Plan of Reorganization, Charles A. Stanziale, Jr., was appointed Liquidating Trustee ("Trustee"). In that capacity, he commenced an adversary proceeding on March 19, 2009, to recover allegedly preferential payments made to Tipper Tie. Instead of mailing the Summons and Complaint to Tipper Tie's business address in North Carolina – which address was listed on the pre-petition invoices as well as on Tipper Tie's proof of claim – the Trustee mailed them to Tipper Tie's remittance address in Chicago. That address was for a Bank of America lockbox set up only to receive payments.

Tipper Tie never answered the complaint, and this Court entered a default judgment on September 23, 2009 ("the Default

3

Judgment"). Nearly a year later, the Trustee's counsel sent a letter to Tipper Tie's business address in North Carolina enclosing the Default Judgment. Tipper Tie then filed the instant motion to reopen the adversary proceeding and to set aside the Default Judgment, pursuant to Federal Rules of Civil Procedure 55(c) and 60(b), made applicable by Federal Rules of Bankruptcy Procedure 7055(c) and 9024.

**DISCUSSION**

Pursuant to Federal Rule of Civil Procedure 60(b)(4), this Court may set aside the Default Judgment if that judgment is void, and a default judgment is void if the complaint was never properly served. Sun Healthcare Group, Inc. v. Mead Johnson Nutritional (In re Sun Healthcare Group, Inc.), 2004 Bankr. LEXIS 572 at *19 (Bankr. D. Del. Apr. 30, 2004) (citing Gold Kist, Inc. v. Laurinburg Oil Co., 756 F.2d 14, 19 (3d Cir. 1985)("a default judgment entered when there has been no proper service of the complaint is, a fortiori, void, and should be set aside.").

Proper service of a summons and complaint may be made upon a corporation via first class mail if it is sent to an officer or agent. Federal Rule of Bankruptcy Procedure 7004(b)(3). Strict compliance with this rule is required, particularly when the plaintiff knows the defendant's business address and the identity of the person designated to receive service of process. See In re Golden Books Family Entm't, 269 B.R. 300, 305 (Bankr. D. Del. 2001)

4

(finding ineffective service of process sent to a P.O. Box, addressed to "Asst. Controller"). The Trustee's attempt to effect service of process by sending the Summons and Complaint to Tipper Tie's remittance address failed to comply with Rule 7004(b)(3). The remittance address was to a lockbox at Bank of America, and Bank of America was not authorized to receive service of process. Furthermore, the Trustee knew Tipper Tie's business address. Without effective service of process, the Default Judgment is void. Accordingly, I will grant Tipper Tie's motion to reopen the Trustee's adversary proceeding.

## CONCLUSION

For the reasons stated above, Tipper Tie's motion to reopen the adversary proceeding and to set aside the Default Judgment is granted.